UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

**Karen Pires**,

    Plaintiff,

vs.                                                                                           _____

**Friendly's International, Inc.,**     Trial by **Jury Requested**

    Defendant.

_____

## COMPLAINT

### Introduction

1. The Plaintiff alleges the Defendant employed her at its restaurants in Massachusetts without paying her the overtime wages required by federal law. She seeks to recover the unpaid wages, liquidated damages, attorney fees and costs pursuant to the provisions of the federal Fair Labor Standards Act of 1938 (codified at 29 USC §201, *et. seq.*).

### Parties/Jurisdiction/Venue

2. The Plaintiff Karen Pires (Pires) is a resident of the County of Bristol, Commonwealth of Massachusetts.

3. The Defendant Friendly's International, Inc., (Friendly's) is a corporation organized and existing under the laws of the State of Delaware, registered with the Massachusetts Secretary of State to, and doing, business in Massachusetts.

4. Jurisdiction over the federal claims in this action is conferred on this Court by Section 16(b) of the federal Fair Labor Standards Act of 1938 (the "Act" or "FLSA") (codified at 29 USC §216(b)), and by the provisions of 28 USC §1337 relating to civil actions arising under acts of Congress regulating commerce.

5. Venue is proper in this Court because the Defendant is present in Bristol County, Massachusetts, and the work at issue in this litigation took place in Bristol County, Massachusetts.

**Facts Common to All Counts**

6. March 2008 through approximately March 2010, Friendly's employed Pires to work at its restaurants in Massachusetts.

7. Pires routinely worked more than 40 hours each week for Friendly's.

8. Friendly's did not compensate Pires at a rate equal to at least 1 ½ times her regular hourly rate for the hours she worked each week in excess of 40.

**Count 1 – Federal FLSA Claim**

9. Pires reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

10. At all times relevant to this litigation, Friendly's was an enterprise "engaged in commerce" within the meaning of Section 7(a) of the Act (codified at 29 USC §207(a)(1)).

11. Contrary to the requirements in Section 7(a)(1) of the federal Fair Labor Standards Act (codified at 29 USC 207(a)(1)), Friendly's failed to pay Pires at a rate equal to at least 1 ½ times her regular hourly rate for her overtime hours, defined as the hours she worked each week in excess of 40.

12. The Defendants' failure was willful and deliberate.

13. Pires suffered damages as a result of the Defendants' failure.

**Wherefore**, on this Count Pires requests:

a. A judgment against Friendly's for the amount of overtime wages wrongfully withheld from her pursuant to Section 16(b) of the FLSA (codified at 29 USC 216(b)), at any time within the 3 years preceding the filing of this Complaint, pursuant to 29 USC 255(a);

b. A judgment against Friendly's for liquidated damages equal to the overtime wages wrongfully withheld from her, pursuant to Section 16(b) of the FLSA (codified at 29 USC 216(b)), at any time within the 3 years preceding the filing of this Complaint, pursuant to 29 USC 255(a);

c.  Reasonably attorney fees and costs pursuant to Section 16(b) of the Act (codified at 29 USC 216(b)); and

d.  For such other relief as may be just and appropriate.

## Jury Demand

The Plaintiff requests a trial by jury on this Count.

      The Plaintiff,
      By Her Attorney,

      /s/ John T. Longo
      _____
      John T. Longo, Esq.
      BBO#632387
      Citadel Consumer Litigation, PC
      681 Smith Street, Suite 201
      Providence, RI  02908
      (617) 752-1771
      Fax (401) 537-9185
      jtlongo@jtllegal.com